# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIE A. SPEERY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-7915-LMA-SS** |
| **STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, et al** | |

## REPORT AND RECOMMENDATION

Before the undersigned is the motion of the defendants, Liberty Mutual Fire Insurance Company ("Liberty Mutual") and the Chardonnay Village Condominium Association ("CVCA"), to enforce settlement agreement. Rec. doc. 182. For the reasons described below, it is recommended that the motion be granted.

## BACKGROUND

At the time of Hurricane Katrina, the plaintiff, Marie A. Sperry ("Sperry"), owned a condominium in Kenner.[1] On August 27, 2007, she filed suit in state court against Liberty Mutual, CVCA and other defendants for damages to her condo and other claims related to Hurricane Katrina. She was represented by counsel. The action was removed to federal court. Rec. doc. 1.

An issue arose as to whether Sperry was competent and the possibility of an interdiction and appointment of a curator was raised. Rec. docs. 130 and 146. After Sperry participated in her deposition for more than eight hours, all parties moved to rescind the orders concerning Sperry's possible interdiction. Rec. doc. 174. On May 21, 2009, the motion was granted. The order cites

---

[1] The last name of the plaintiff is not spelled correctly in the caption.

the absence of any objection and a report by the undersigned that she spoke to Sperry and advised the District Judge that "she has no reason to believe that plaintiff is not competent to enter into these proceedings." Rec. doc. 180. On May 21, 2009, the District Judge dismissed the case after having been advised by counsel for the parties that all of the parties had firmly agreed upon a compromise. Rec. doc. 178.[2]

On July 21, 2009, Liberty Mutual and CVCA filed their motion to enforce settlement agreement. Rec. doc. 182. It was referred to the undersigned. Rec. doc. 184. On August 3, 2009, the motion of Victoria L. Stephens to withdraw as counsel of record for Sperry was granted. Rec. doc. 190. Sperry was ordered to file an opposition to the motion to enforce settlement by August 18, 2009. Id. On August 18, 2009, Sperry called the undersigned's office and reported that she could not comply with the order because she was not able to find an attorney to represent her. She was told that: (1) the motion to enforce settlement would be continued to September 16, 2009; (2) the deadline for her to file an opposition would be continued to September 8, 2009; (3) if she could not employ an attorney to represent her, she would have to file an opposition on her own behalf; and (4) she was cautioned that even though she may be representing herself, she was required to follow the Rules of Court. Sperry confirmed that the mailing address on the Clerk's records was correct and that her telephone number was (504) 609-8214. Rec. doc. 190. She did not file an opposition and no attorney sought leave to represent her.

On September 15, 2009, a telephone conference was set for September 21, 2009 at 11:00 a.m. Sperry was ordered to call the undersigned at that time. Rec. doc. 192. She did not participate.

---

[2] The claims against State Farm Fire and Casualty Company (Rec. docs. 109, 166 and 176), Fidelity National Insurance Company (Rec. docs. 163 and 175), and James River Insurance Company (Rec. docs. 167 and 177) were dismissed.

Rec. doc. 193. Counsel for Liberty Mutual and CVCA were ordered to send the settlement papers to Sperry and they report that they were sent by certified mail. The return receipt demonstrated that Sperry accepted the mail, but there was no response from her.

**ANALYSIS**

Under federal law an oral settlement is binding. Fulgence v. J. Ray McDermott & Co., 662 F.2d 1207, 1209 (5th Cir. 1981). Sperry's petition included claims against Fidelity National Insurance Company and State Farm Fire and Casualty Insurance Company in their capacity as a Write-Your-Own Program carrier participating in the U.S. Government's National Flood Insurance Program. Pursuant to 42 U.S.C. § 4072, federal jurisdiction was present. There was supplemental jurisdiction over any state law claims. Under Louisiana law a settlement agreement must be reduced to writing in order to be enforceable. Felder v. Georgia Pacific Corp., 405 So.2d 521 (La. 1981); and La. Civ. Code Art. 3071. Because the claims against Liberty Mutual and CVCA are state law claims, the issue is whether the settlement agreement was reduced to writing.

On May 20, 2009, counsel for Liberty Mutual and CVCA communicated in writing to counsel for Sperry and confirmed the settlement. Liberty Mutual agreed to pay $20,000 and CVCA agreed to pay $5,000 to settle all of Sperry's remaining claims. Rec. doc. 182 (Exhibit A).[3] On May 20, 2009, counsel for plaintiff sent Sperry a letter confirming the settlement which was signed by Sperry. Rec. doc. 182 (Exhibit B). In addition to the claims against Liberty Mutual and CVCA, there was confirmation that Sperry was settling her claims against the remaining defendants, James Everett Eaves and John Beckham, Jr. Id. On May 27, 2009, Liberty Mutual sent its check and release to counsel for Sperry. Rec. doc. 182 (Exhibit C). On June 24, 2009, counsel for plaintiff

---

[3] The settlement agreement provided that its terms would remain confidential. Because of the defendants' motion to enforce, it is necessary to reveal the terms of the settlement.

3

reported that Sperry refused to sign the release. The release and check were returned to Liberty Mutual. Rec. doc. 182 (Exhibit D).

In Smith v. Ford Motor Co., 1999 WL 649636 (E.D. La.)(Duval, J.), the defendant made a written settlement offer, and counsel for plaintiff sent his recommendation in writing to the plaintiff. The plaintiff signed the bottom of the letter agreeing to the settlement, and faxed it back to counsel for plaintiff. The Court found that plaintiff granted her counsel authority to settle the case in writing and the agreement was enforced. Id. at *3. Sperry's settlement agreement was in two documents: (1) the May 20, 2009 letter from counsel for Liberty Mutual to counsel for plaintiff; and (2) the May 20, 2009 letter from counsel for plaintiff to Sperry which was signed by her. Rec. doc. 182-Exhibits A and B. Further confirmation for the settlement is found in the minute entry for the telephone settlement conference on May 20, 2009. Rec. doc. 173. "Once a binding agreement has been confected, it is incumbent on this Court to enforce it. To do otherwise would be to eviscerate the integrity of the litigation settlement procedure." Smith, 1999 WL 649636, *4.

## RECOMMENDATION

IT IS RECOMMENDED that the motion of Liberty Mutual and CVCA to enforce settlement (Rec. doc. 182) be GRANTED and the case be dismissed with prejudiced.

IT IS FURTHER RECOMMENDED that the parties be ordered to proceed as follows:

1. By certified mail, return receipt requested, Liberty Mutual and CVCA shall send Sperry releases in one package. A self-addressed stamped envelope will be enclosed for Sperry's use in returning the signed releases.

2. Sperry shall sign the releases and return them in the self-addressed stamped envelope.

3. Upon receipt of the signed releases, Liberty Mutual shall send Sperry a check payable to her

in the amount of $20,000, and CVCA shall send her a check payable to her in the amount of $5,000. The checks shall be sent via certified mail, return receipt requested, in one package.

4. If the certified mail containing the releases is not claimed by Sperry within twenty-one (21) calendar days or if she does not return the signed releases within the same deadline, Liberty Mutual and CVCA shall file a motion to deposit the funds in the Court's registry.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 9th day of November, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**